IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00550-BNB

ZACHARY C. RHODES,

        Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 8 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, Zachary C. Rhodes, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Limon Correctional Facility. Mr. Rhodes initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Rhodes is challenging the validity of his conviction and sentence in Case No. 02CR2008 in the Arapahoe County District Court.

In an order filed on March 12, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On March 24, 2010, Respondents submitted a pre-answer response. Mr. Rhodes filed

a reply on April 2, 2010.

The Court must construe liberally the Application filed by Mr. Rhodes because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

I.      Background and State Court Proceedings

Mr. Rhodes was convicted by a jury of one count of first degree burglary and one count of menacing. On August 5, 2004, he was sentenced as an habitual criminal to a 64 year-sentence for the burglary count, and a concurrent 24-year sentence for the menacing count. Pre-Answer Resp. at Ex. A, p. 22. Mr. Rhodes filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on May 31, 2007. **See People v. Rhodes**, No. 04CA1890 (Colo. App. May 31, 2007) (unpublished opinion) (Pre-Answer Resp. at Ex. D). The Colorado Supreme Court (CSC) denied certiorari review on September 17, 2007. Pre-Answer Resp. at Ex. F.

On January 14, 2008, Mr. Rhodes filed a motion for sentence reconsideration and proportionality review, which the trial court denied on May 29, 2008. Pre-Answer Resp. at Ex. A, p. 24-25. Mr. Rhodes did not file an appeal.

On August 12, 2008, Mr. Rhodes filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), which the trial court denied on

December 2, 2008. *Id.* at 25. Mr. Rhodes filed an appeal, and the CCA affirmed the

trial court on January 28, 2010. *See People v. Rhodes*, No. 09CA0069 (Colo. App.

Jan. 28, 2010) (unpublished opinion) (Pre-Answer Resp. At Ex. L). As of March 24,

2010, the date of the Pre-Answer Response, Mr. Rhodes had not filed a petition for

certiorari review with the CSC. *See* Pre-Answer Resp. at 3.

Mr. Rhodes then filed the instant Application, which was received by the Court

on March 9, 2010. Respondents concede, and the Court agrees, that the Application is

timely under 28 U.S.C. § 2244(d).

Mr. Rhodes asserts seven claims for relief as follows:

> (1) There was insufficient evidence to convict him on the first
> degree burglary charge;
>
> (2) He was denied the right to a fair trial when the trial court
> rejected his self-defense jury instruction;
>
> (3) He was denied the right to due process and a speedy
> trial because he was not tried for being an habitual criminal
> until 16 months after he was convicted on the substantive
> offenses;
>
> (4) He was denied his Sixth and Fourteenth Amendment rights because
> the jury did not determine whether he was an habitual criminal;
>
> (5) The prosecution failed to produce exculpatory evidence;
>
> (6) He received ineffective assistance of trial counsel; and
>
> (7) He received ineffective assistance of appellate counsel.

Respondents concede that claims one and four are exhausted and are ripe for

federal habeas review. Respondents further argue that claims two, three, five, six and

seven are not exhausted and are procedurally defaulted.

II.    Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner

bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398

(10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been

defaulted in state court on an independent and adequate state procedural ground

unless the petitioner can demonstrate cause and prejudice or a fundamental

miscarriage of justice." ***Cummings v. Sirmons***, 506 F.3d 1211, 1224 (10th Cir. 2007)

(citation omitted). Mr. Rhodes' *pro se* status does not exempt him from the

requirement of demonstrating either cause and prejudice or a fundamental miscarriage

of justice. ***See Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a

procedural default. ***Jackson v. Shanks***, 143 F.3d 1313, 1319 (10th Cir. 1998). An

applicant, however, must show "some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule" and have "presented to the

state courts as an independent claim before it may be used to establish cause for a

procedural default." ***Murray v. Carrier***, 477 U.S. 478, 488-89 (1986). A showing of a

probability of actual innocence is required to meet the fundamental miscarriage of

justice exception. ***See Bousley v. United States***, 523 U.S. 614, 622 (1998).

A.    Claim Two

In Mr. Rhodes' second claim, he asserts that he was denied the right to a fair trial when the trial court rejected his self-defense jury instruction. Application at 6. Respondents argue that claim two is unexhausted because Mr. Rhodes relied only on Colorado case law when he presented this claim to the state courts. Pre-Answer Resp. at 16. Respondents therefore argue that Mr. Rhodes failed to present the claim to the state courts as a federal constitutional question. *Id.* Respondents further assert that Mr. Rhodes did not indicate the federal law basis for his claim, nor did he label the claim "federal." *Id.* Respondents conclude that the claim now is procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI) & (VII) the claim would be rejected as successive and an abuse of the process. *Id.* at 17.

Mr. Rhodes concedes, and the Court agrees, that claim two was not raised as a federal constitutional issue to the state courts. Reply at 2. Accordingly, Mr. Rhodes has failed to exhaust claim two. With limited exceptions that are not applicable to Mr. Rhodes' second claim, the Colorado Rules of Criminal Procedure bar him from raising a claim in a post-conviction motion that could have been raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Rhodes has procedurally defaulted claim two in state court.

Moreover, Mr. Rhodes has not made the requisite showing of cause and prejudice or a fundamental miscarriage of justice to avoid the procedural default. Mr. Rhodes blames his appellate counsel for the failure to raise this claim as a federal constitutional issue on direct appeal. Reply at 2-4. In *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), the Supreme Court noted that, "[a]lthough we have not identified with precision exactly what constitutes 'cause' to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." For ineffective assistance of counsel to constitute "cause," however, "the assistance must have been so ineffective as to violate the Federal Constitution," *i.e.*, "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.* (emphasis omitted). As a result, an ineffective assistance of counsel claim must itself "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). If the ineffective assistance of counsel claim itself is procedurally defaulted, it cannot be used to establish "cause" excusing procedural default of the other constitutional claim, unless the defendant has also established "cause" excusing default of the ineffective assistance of counsel claim. *Id.* at 453, *see also Spears v. Mullin*, 343 F.3d 1215, 1256 (10th Cir. 2003); *Johnson v. Gibson*, 254 F.3d 1155, 1159-60 (10th Cir. 2001).

While Mr. Rhodes raised a claim of ineffective assistance of appellate counsel in

his post-conviction proceedings, he claimed only that appellate counsel was ineffective for failing to raise the issue on appeal of whether the jury was properly instructed about the victim's 911 phone call. *See* Pre-Answer Resp. at Ex. H, p. 4; Ex. I, p. 14. Because Mr. Rhodes did not assert an ineffective assistance of appellate counsel claim regarding the failure to present his claims as federal constitutional ones, Mr. Rhodes has procedurally defaulted this claim. Mr. Rhodes further has not attempted to show "cause" for his failure to raise this claim in the state courts. Therefore, he cannot establish "cause" excusing his procedural default of his second claim, and the claim is barred from federal habeas review.

B.     Claim Three

In his third claim, Mr. Rhodes asserts that he was denied the right to due process and right to a speedy trial because he was not tried on the habitual criminal charges until sixteen months after he was convicted of the substantive offenses. Application at 6. Respondents assert that this claim is unexhausted because Mr. Rhodes relied only on Colorado case law when he presented this claim to the state courts. Pre-Answer Resp. at 19-22. Respondents therefore argue that Mr. Rhodes failed to present the claim to the state courts as a federal constitutional question. *Id.* Respondents again conclude that the claim now is procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI) & (VII) the claim would be rejected as successive and an abuse of the process. *Id.* at 22. For his part, Mr. Rhodes asserts that his third claim was "fully and fairly presented" to the state courts. Reply at 4.

Upon review of Mr. Rhodes' opening brief on appeal, the Court agrees that his third claim was not presented as a federal constitutional claim to the state courts. *See* Pre-Answer Resp. at Ex. B, p. 31-33. Mr. Rhodes did not assert a constitutional injury in state court for this claim, and his opening brief relies only upon Colorado state law. *See id.* The Court, therefore, finds that Mr. Rhodes has failed to exhaust his third claim in the state courts. Moreover, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar him from raising a claim in a postconviction motion that could have been raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII); *see also Bastardo*, 646 P.2d at 383. Mr. Rhodes also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim three, therefore, is procedurally barred from federal habeas review and must be dismissed.

C.     Claim Five

In his fifth claim, Mr. Rhodes asserts that the prosecution withheld exculpatory evidence in the form of statements made to the police by M.T., the owner of the apartment in which the crime was committed. Application at 7. Respondents concede that Mr. Rhodes raised this as a federal constitutional claim to the CCA because he presented it as a *Brady v. Maryland*, 373 U.S. 83 (1963), issue on post-conviction review. Pre-Answer Resp. at 23. Respondents, nonetheless, assert that claim five is not exhausted because Mr. Rhodes failed to present the claim to the CSC in a petition

for certiorari review. *Id.* at 23-24. For his part, Mr. Rhodes argues that Colorado

Appellate Rule 51.1 excused the need to raise these claims to the CSC in order to

exhaust them. Application at 5; Reply at 5-6.

The Court does not agree that Mr. Rhodes' failure to raise his fifth claim in the

CSC after it was presented fairly to the CCA renders the claim unexhausted. In order to

exhaust state remedies, a claim must be presented to the state's highest court if review

in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing

in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing

that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates

that a certain avenue for relief is not part of its standard appellate review process, it is

not necessary for a defendant to pursue that avenue in order to exhaust state

remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court

is not part of the standard state appellate review process. More specifically, the

Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following an
> adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error. Rather, when a claim has been
> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme

10

Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. The Court is not persuaded by Respondents' arguments to the contrary.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court, therefore, rejects Respondents' argument that Mr. Rhodes failed to exhaust his fifth claim because the claim was not raised in the Colorado Supreme Court in a petition for writ of certiorari after the claim was presented fairly to and rejected by the Colorado Court of Appeals. Accordingly, the Court finds that claim five has been exhausted and is now ripe for federal habeas review.

D.    Claim Six

In his sixth claim, Mr. Rhodes asserts three instances of ineffective assistance of counsel: (a) trial counsel failed to produce a witness, M.T., who would have testified that Mr. Rhodes had permission to be in his apartment when the crime was committed; (b) counsel failed to prepare Mr. Rhodes for testifying; and (c) counsel's "cumulative error" denied Mr. Rhodes a fair trial. Application at 7. Respondents concede that Mr. Rhodes fairly presented claims 6(a) and 6(b) to the CCA during post-conviction review.

Pre-Answer Resp. at 32. However, Respondents again assert that these claims are not exhausted because Mr. Rhodes failed to present claims 6(a) and 6(b) to the CSC in a petition for certiorari review. *Id.* at 33. In addition, Respondents argue that Mr. Rhodes did not present claim 6(c) to the state courts during post-conviction review.

Upon review of Mr. Rhodes' opening brief on post-conviction appeal, the Court finds that claims 6(a), 6(b), and 6(c) have been fairly presented to the CCA. *See* Pre-Answer Resp. at Ex. I, p. 12-15. Although Respondents argue that Mr. Rhodes presented no claim of cumulative error, the Court finds that Mr. Rhodes clearly raised a claim regarding cumulative effect of trial counsel's alleged errors during his post-conviction appeal. *See id.* at 14-15. Further, the Court again rejects Respondents' argument that Mr. Rhodes failed to exhaust claims 6(a) and 6(b) because the claims were not raised in the CSC in a petition for writ of certiorari. As set forth above, the Court concludes that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. The Court finds that claims 6(a), 6(b) and 6(c) were presented fairly to, and relief has been denied by, the Colorado Court of Appeals. Accordingly, the Court must conclude that claims 6(a), 6(b) and 6(c) have been exhausted and are now ripe for federal habeas review.

E.    Claim Seven

In his seventh claim, Mr. Rhodes asserts that he received ineffective assistance of appellate counsel. Application at 8. He alleges the victim's 911 call was admitted as an excited utterance in trial. He further alleges that, during direct appeal, the United

States Supreme Court issued *Crawford v. Washington*, 541 U.S. 36 (2004), and

*Davis v. Washington*, 547 U.S. 813 (2006), which collectively held that admission of

"testimonial" statements in 911 calls violates a defendant's right to confront witnesses,

unless the defendant has the opportunity to cross-examine the witness on those

statements.  Application at 8.  Mr. Rhodes asserts that because the 911 call admitted at

trial contained testimonial statements, appellate counsel should have amended his

appeal to challenge the admission of the 911 call on confrontation grounds.  However,

Respondents assert that this claim is unexhausted because they argue that Mr. Rhodes

presented a different theory of ineffective assistance of appellate counsel on post-

conviction review.  Pre-Answer Resp. at 35.

Having reviewed Mr. Rhodes' opening brief on post-conviction appeal, the Court

agrees that the ineffective assistance of appellate counsel claim raised in the state

courts is not the same claim that Mr. Rhodes raises here.  In the state courts, Mr.

Rhodes argued that "appellate counsel should have raise [sic] the issue of the 911 tape

of the alleged menace [sic] victim in the case as illegally admitted to boost the theory

that Defendant had illegally remained in Mr. Thomas' apartment."  Pre-Answer Resp. at

Ex. I, p. 14.  Mr. Rhodes failed to raise the confrontation clause issues addressed by

the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004) and *Davis v.*

*Washington*, 547 U.S. 813 (2006).  *See id.*  The Court, therefore, finds that Mr.

Rhodes has failed to exhaust his seventh claim in the state courts.

Moreover, with limited exceptions that are not applicable to this claim, the

Colorado Rules of Criminal Procedure bar Mr. Rhodes from re-asserting claim seven in a post-conviction proceeding. *See* Colo. R. Crim. P. 35(c)(3)(VII) (courts "shall deny" any claim that could have been raised in a previous appeal or post-conviction proceeding). Mr. Rhodes also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim seven, therefore, is procedurally barred from federal habeas review and must be dismissed. Accordingly, it is

ORDERED that Claims Two, Three and Seven are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claims One, Four, Five and Six (including sub-claims a, b and c) shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 27th day of April, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00550-BNB

Zachary C. Rhodes
Prisoner No. 62813
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/28/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk